Dear Mr. Simon:
I am in receipt of your request for an Attorney General's opinion concerning the removal of a permanent school bus driver accused of misconduct where termination is recommended. Specifically, you ask whether the "written and signed charges" referred to in LSA-R.S.17:493 "need to be approved by the school board before these charges are sent to the school bus driver-in-question. If so, you inquire whether the approval needs to be in the form of a resolution, and should that determination be heard in executive session. You point out that subsection B of the statute states that these charges must be approved by the school board where Aabolition, discontinuance, or consolidation of routes is sought."
LSA-R.S. 17:493 A and B deal directly with the removal of school bus operators. Subsections A and B state the following:
 A. A permanent school bus operator shall not be removed from his position except upon written and signed charges of willful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in a safe, comfortable, and practical operating condition, or of being a member of or contributing to any group, organization, movement, or corporation that is prohibited by law or injunction from operating in the state, and then only if found guilty after a hearing by the school board of the parish or city in which the school bus operator is employed. An additional ground for the removal from office of any permanent school bus operator shall be the abolition, discontinuance, or consolidation of routes, but then only if it is found as a fact, after a hearing by the school board of the parish or city, that it is in the best interests of the school system to abolish, discontinue, or consolidate said route or routes.
 B. All hearings hereunder shall be private or public, at the option of the operator affected thereby. At least twenty days in advance of the date of the hearing the superintendent, with approval of the school board, shall furnish the affected operator a copy of the written grounds on which said abolition, discontinuance, or consolidation of routes is sought. The operator affected shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder, the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the operator. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
At first glance it might appear that the second sentence of subsection B which requires the superintendent with the approval of the school board to furnish the affected operator with a copy of the written grounds for removal of the operator at least twenty days in advance of the date of the hearing applies to all situations in which a school bus operator can be removed from his position as provided for in LSA-R.S. 17:493. However, all of the sentences in subsection B, except the second sentence, apply to all situations discussed in subsection A in which the removal of a school bus operator is considered. The last part of the second sentence specifically refers to written grounds on which said abolition, discontinuance, or consolidation of routes is sought.
LSA-R.S. 17:81 deals with the general powers of each city and parish school board. Subsection A(3) mandates each city and parish school board to adopt policies for and establish procedures which require a city or parish superintendent to:
 (a) Consult with the principal regarding any recommendations made by the superintendent for the hiring or placement of any teacher or other certified personnel at the school in which the principal is employed. Any recommendations made by the principal shall not be binding.
 (b) Consult with teachers regarding any recommendations made by the superintendent for the hiring or placement of a principal at the school in which such teachers are employed. Any recommendations made by teachers shall not be binding upon the superintendent but shall be considered by the superintendent in making his recommendations to the board.
Subsection C of that statute states:
 Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
Since there is no requirement in LSA-R.S. 17:493 or LSA-R.S. 17:81A(3) that a city or parish superintendent obtain the approval of the school board prior to a written and signed charge being furnished to the affected operator in case of a school bus driver accused of misconduct, a review of the specific duties as designated in the superintendent's contract and/or job description should be made. A review of the contract between the superintendent, Mr. James Easton, and the Lafayette Parish School Board does not specifically address this issue but refers to the general responsibility of the superintendent performing all duties as may be prescribed by the board. The contract requires Mr. Easton ". . . to perform all duties incident to the office of the superintendent and such duties as may be prescribed by the board from time to time."
A review of the duties of the superintendent in the Lafayette Parish Public Schools (adopted prior to 1975) as provided upon request in subsection D(2) provides that a superintendent of the Lafayette Parish School Board :
 Make recommendations to the board concerning retention, transfer, promotion, and dismissal of all school personnel.
In conclusion, the clear language of Section A of LSA-R.S. 17:493 does not require prior school board approval of "written and signed charges" in the instance of a permanent school bus driver being accused of misconduct. However, the school board's own policy as stated in the job description of the superintendent in Lafayette Parish as drafted by the board would require prior approval of the board before notice is sent to a permanent school bus driver accused of misconduct.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ASSISTANT ATTORNEY GENERAL
 BY:_______________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc